Barnard, P. J.
The only question presented on this appeal is whether or not the proof of the jurisdiction of the seventh district court in New York over the person of George M. Chapman is sufficient. Oppenheim owned certain *774 premises in New York. He leased the same to Chapman. Chapman sublet part thereof to the defendants. Chapman did not pay his rent to Oppenheim, and Oppenheim instituted proceedings to Summarily dispossess Chapman and the subtenants. The proceedings resulted in a judgment in favor of the landlord, and the defendants were actually dispossessed on tire 11th of December, 1876. All the records of that year in tire district court are lost. The summons which was served on the defendants is preserved and is entirely regular in its recitals. The proceedings were instituted against the tenant and the subtenants. This was right, and under it either the tenant, Chapman, or the undertenants (defendants), could make an issue. Neither did, and in fact there is no claim now made that the rent was paid, but only that no record is established which binds Chapman. I think the proof shews a service on him. The attorney who instituted the proceedings for Oppenheim is sworn and he testifies that he always attended to these proceedings himself because of their technical character and that he was always careful to have them right. This attorney took the judgment. The defendants employed an attorney, and he is more particular. He testifies that there was proof of service of the summons on Chapman, although he does not remember the manner of service. “ I state as a fact that there was service on all four of these parties. The return distinctly so stated.” The proof of service satisfied the two opposite attorneys. Chapman knew of the proceedings and judgment and made no claim of non-service of papers on him. The justice issued a warrant and the city marshal executed it. Chapman paid no rent subsequently to Oppenheim nor asked it from his tenants the defendants. He waited until his lease to defendants had expired some three years, and permitted the defendants, without notice, to pay rent to Oppenheim, from whom they were compelled to take a new lease after they were dispossessed. There is no proof whatever to rebut the proof of service on Chapman. The defendants could have made no issue with Oppenheim and they were properly dispossessed.
The judgment should be reversed and judgment given for the defendants, with costs.
Dykman, J., concurs.